The STATE of Ohio, Appellee,

v.

MONROE, Appellant.

[Cite as *State v. Monroe* (1992), 81 Ohio App.3d 745.]

Court of Appeals of Ohio,
Trumbull County.

No. 91–T–4624.

Decided July 13, 1992.

*Martin DeMatteis*, Newton Falls City Prosecutor, for appellee.
*Robert L. Johnson*, for appellant.

---

NADER, Judge.

This appeal has been placed upon the court's accelerated calendar and has been submitted to the court upon briefs of counsel.

This appeal is from a decision of the Newton Falls Municipal Court finding appellant, Sheila Monroe, guilty of complicity to assault. On July 9, 1991, appellant accompanied four other girls to a local Dairy Queen; they were to meet the victim of the assault as she was getting off work. One of the girls in the group, the assailant, intended to speak to the victim concerning certain rumors circulating in the community. Appellant rode in the same car as the assailant, exited the vehicle, and stood in close proximity as the two girls spoke. Once the affray started, appellant admittedly yelled encouragement to the assailant: "C'mon Weaver," and "Kick her butt."

The summons charged appellant with complicity to assault, R.C. 2923.03, and disorderly conduct, R.C. 2917.11. The trial court found appellant not guilty of disorderly conduct and guilty of complicity to assault.

Appellant now appeals and argues the following assignment of error:

"The trial court erred to the prejudice of the defendant/appellant in finding the appellant guilty of complicity to assault under O.R.C. [*sic*] Section 2923.03, since under the facts of this case, the appellant did not: (1) solicit or procur [*sic*] another to commit the assault, nor (2) aid or abet another in committing the assault as is required under the statute in order to find someone guilty of complicity."

Appellant argues that she "simply 'rooted on' her friend, Gina Rondinel, *after* the altercation had already started." R.C. 2923.03 states in part:

"No person * * * shall do any of the following:

" * * *

"(2) Aid or abet another in committing the offense."

*State v. Sims* (1983), 10 Ohio App.3d 56, 58, 10 OBR 65, 68, 460 N.E.2d 672, 675, states:

" * * * the terms 'aid' and 'abet' are familiar and simple legal terms. To aid is to assist. To abet is to incite or encourage."

While appellant's argument may be correct that she did not incite the assailant, appellant certainly encouraged assailant to continue the assault.

*State v. Cartellone* (1981), 3 Ohio App.3d 145, 150, 3 OBR 163, 169, 444 N.E.2d 68, 74, states:

"Evidence of aiding and abetting another in the commission of crime may be demonstrated by both direct and circumstantial evidence. Thus, '[p]artic-ipation in criminal intent may be inferred from presence, companionship and conduct before and after the offense is committed.' *State v. Pruett* (1971), 28 Ohio App.2d 29, at 34 [57 O.O.2d 38, at 41, 273 N.E.2d 884, at 887]. * * *"

The state presented evidence that the phrase "Let's go get her" was heard as the group of girls entered the car at McDonald's. Upon arriving at the Dairy Queen, the occupants exited the car and "surrounded" the victim. Appellant admits yelling encouragement during the affray, and immediately afterwards appellant accompanied the assailant as she left the scene. From this evidence, the trial court could properly infer that appellant encouraged, or abetted, the assailant. Additionally, circumstantial evidence was presented tending to prove that appellant aided in the assault.[1]

Accordingly, appellant's assignment of error is without merit, and the trial court's judgment is hereby affirmed.

*Judgment affirmed.*

FORD, P.J., and JOSEPH E. MAHONEY, J., concur.

---

1. The victim testified that an unknown person held her from behind, and, while she was being held, the victim could see all the girls except appellant.