Appellant-defendant Michael W. McClelland appeals his convictions for aggravated burglary in violation of R.C.2911.11(A)(1) and felonious assault in violation of R.C.2903.11(A)(1). We affirm.
 I.
Michael spent the evening of June 26, 1997, at the home of Gregory Weakland and Harley Chandler partying with several people, including Chandler and a woman named Sharon Carr. Carr was Michael's stepsister and occasional girlfriend. Carr was also Chandler's current girlfriend. At some point during the evening, Chandler and Michael began arguing about their respective relationships with Carr. This argument ended in a physical confrontation, wherein Chandler got the best of Michael. After winning the fight, Chandler ordered Michael to leave and Michael complied.
Around 4:00 a.m. the next morning, Michael returned to the house with his brother, Richard McClelland, and his nephew, Russell Lamb. The three men gained entry to the house and found Chandler and Carr in bed together in Chandler's bedroom. Lamb remained outside Chandler's bedroom while the McClelland brothers confronted Chandler. Richard pulled Chandler out of bed and began beating him with a baseball bat. When Carr attempted to intervene, Michael pushed her into a closet and restrained her while Richard continued beating Chandler. Carr eventually intervened and the three men left. Weakland reported the incident to the police.
The McClelland brothers were both indicted for aggravated burglary and felonious assault and were tried separately. Richard was convicted prior to Michael's trial. Michael was eventually convicted and filed the instant appeal.
 II.
Michael's first two assignments of error challenge both the weight and the sufficiency of the evidence supporting his convictions. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight
of the evidence must necessarily include a finding of sufficiency." (Emphasis sic.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported. Therefore, we will first determine whether Michael's convictions were against the weight of the evidence.
The appropriate standard of review for a challenge to theweight of the evidence is set forth in State v. Thompkins (1997),78 Ohio St.3d 380:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
Id. at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175.
Michael was convicted of aggravated burglary in violation of R.C. 2911.11(A)(1), which provides:
 (A) No person, by force, stealth, or deception, shall trespass in an occupied structure * * *, when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if any of the following apply:
 (1) The offender inflicts, or attempts or threatens to inflict physical harm on another[.]
Michael was also convicted of felonious assault in violation of R.C. 2903.11(A)(1), which provides that "[n]o person shall knowingly * * * [c]ause serious physical harm to another."
Regarding the burglary conviction, Michael argues that the evidence does not support a finding that he trespassed by force, stealth, or deception. Michael points to his own testimony that he had previously been given free reign to come and go at will by Weakland and to Richard's testimony that Weakland actually had let them into the house that morning. However, Chandler testified that he had thrown Michael out of the house that night after the fight and had told him never to return. Michael admitted that Chandler had thrown him out of the house. Additionally, Weakland testified that he had seen Michael push his hand through a screen beside the front door and reach inside to unlock the front door. Weakland testified that he had never given them permission to enter the house that night and that he had yelled at them to stop. Based on the testimony of Chandler and Weakland, we cannot say that the jury clearly lost its way or that this is an exceptional case in which the evidence weighs heavily against a finding that Michael trespassed.
Regarding the charge of felonious assault, Michael argues that there was clearly insufficient evidence to sustain a conviction as a principal offender. Michael notes that the only evidence that he had ever actually hit Chandler was the testimony of Weakland. Weakland testified that he had followed the three intruders to Chandler's room and had seen Chandler on the floor with Carr on top of him trying to protect him. Weakland testified that he had seen both of the McClelland brothers hit Chandler before they finally left, but he could not recall which brother had been holding the baseball bat. Michael argues that this evidence is insufficient to prove that he caused "serious" physical harm to Chandler.
Regardless of the sufficiency of the evidence linking Michael to the assault as a principal offender, Michael's own testimony implicates him as an accomplice. R.C. 2923.03 states:
 (A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
* * *
 (2) Aid or abet another in committing the offense[.]
"`[T]he terms "aid" and "abet" are familiar and simple legal terms. To aid is to assist. To abet is to incite or encourage.'"State v. Monroe (1992), 81 Ohio App.3d 745, 747, quoting State v.Sims (1983), 10 Ohio App.3d 56, 58. The Monroe court affirmed a conviction for complicity to assault based solely on the defendant's admission that she shouted encouragement to the principal offender during the assault.
In the instant case, Michael admitted that he had grabbed Carr, had thrown her into a closet, and had held her there while Richard beat Chandler with the baseball bat. Michael admitted that he had done this because Carr was trying to stop Richard from beating Chandler. As such, Michael has admitted to much more than mere encouragement. Michael has admitted that he had directly assisted Richard by physically restraining Carr and preventing her from defending Chandler. Therefore, we cannot conclude that this is one of the exceptional cases where the evidence weighs heavily against the conviction.
Because Michael's convictions were not against the weight of the evidence, we cannot find that the evidence was insufficient to support the convictions. See Roberts, supra. Therefore, Michael's first two assignments of error are not well taken.
 III.
Michael's third assignment of error states:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUESTED JURY INSTRUCTIONS REGARDING THE LESSER OFFENSE OF AGGRAVATED ASSAULT, AND REGARDING AIDING AND ABETTING.
Prior to trial, Michael submitted a written request for jury instructions, including a request for an instruction on aggravated assault as a lesser included offense of felonious assault and a request for an instruction that "[m]ere presence, mere approval, mere acquiescence without doing more is not aiding and abetting," citing State v. Colon (Mar. 25, 1992), Lorain App. No. 91CA005003, unreported. Just prior to submitting the case to the jury, the trial court discussed the proposed jury instructions with counsel. Over defense counsel's objections, the trial court concluded that the evidence did not warrant the proposed instructions. Michael challenges this finding.
Initially, the prosecution argues that any issues relating to the jury instructions have been waived by Michael's failure to raise an objection either during or after the jury had actually been instructed. However, the Supreme Court of Ohio has made it clear that "a party does not waive his or her objections to the court by failing to formally object, where the record affirmatively shows that the trial court has been fully apprised of the correct law governing a material issue in dispute." Statev. Mack (1998), 82 Ohio St.3d 198, 199-200, citing State v. Wolons
(1989), 44 Ohio St.3d 64, paragraph one of the syllabus. In the instant case, Michael submitted a written request, participated fully in a discussion of the proposed instructions, and orally objected on the record prior to the reading of the instructions to the jury. This is clearly sufficient to satisfy Mack.
Generally, "requested instructions in a criminal case must be given when they are correct, pertinent, and timely presented. The court must give all instructions that are relevant and necessary for the jury to weigh the evidence and discharge its duty as the factfinder." (Citations omitted.) State v. Joy (1995), 74 Ohio St.3d 178,181. Specifically, in regard to the requested jury instruction on aggravated assault, "in a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury." State v. Deem (1988), 40 Ohio St.3d 205, paragraph four of the syllabus.
In the instant case, although being beaten by Chandler earlier in the evening may have constituted adequate provocation at that time, "past incidents * * * do not satisfy the test for reasonably sufficient provocation when there is sufficient time for cooling off." Mack, supra, at 201, citing State v. Huertas
(1990), 51 Ohio St.3d 22, 31-32. After being beaten by Chandler, Michael had sufficient time to clean himself up, go to a telephone, recruit his brother and nephew, and break back into Chandler's house before finally attacking Chandler. No trier of fact could conclude from this evidence that Michael had been reasonably provoked. As such, the trial court properly denied the requested jury instruction.
Regarding the requested language for the jury instruction on complicity, the trial court instructed the jury as follows:
 Now, you are instructed that a person who knowingly aided or abetted another, either for the purpose of committing or in the commission of a crime is regarded as if he or she were the principal offender and is just as guilty as if he or she personally performed every act constituting the offense.
 Further, I instruct you that when two or more persons have a common purpose to commit a crime, and one does one part and a second performs another, those who acted together are equally guilty of the crime.
 Now, I've used certain terms again that I must define for you. Aid means to help, assist or strengthen. Abet means to encourage, counsel, incite or assist.
 Common purpose to commit a crime may be inferred from the presence, companionship and conduct before the offense, during the offense, and after the offense is committed.
Michael does not allege that this instruction was incorrect. Instead, Michael contends that it was incomplete without including the following language: "[m]ere presence, mere approval, mere acquiescence without doing more is not aiding and abetting." However, the additional language requested by Michael was unnecessary; the instruction that was actually given by the trial court clearly requires more than mere presence, approval, or acquiescence. Additionally, the evidence did not support a finding that Michael was merely present, merely approved, or merely acquiesced. As noted above, Michael admitted that he affirmatively assisted Richard by restraining Carr. Therefore, the trial court properly refused to give the requested jury instruction.
Michael's third assignment of error is not well taken.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
SLABY, P.J. and BAIRD, J. CONCUR.
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)