OPINION
This timely appeal arises of out Appellant's conviction in Carroll County Court of one count of complicity to an assault. Appellant argues that the conviction is against the manifest weight of the evidence. For the following reasons, we affirm the judgment.
On August 10, 1997, Debra Stragan ("Stragan") drove to Crossroad's Pizza in Malvern, Ohio. Riding along with Stragan were B.J. Baker ("Baker") in the front passenger seat, and J.R. Yeagley ("Yeagley") in the rear seat. After Stragan pulled into the Crossroad's parking lot, Kathy White ("White") approached Stragan and punched her in the face approximately four times. Baker exited the vehicle in order to give aid to Stragan. Baker saw Kenneth Johnson ("Appellant") approach the passenger side of the car. Appellant was swinging a heavy chain and yelling. Appellant threatened Baker and told him to get back into the car. Neither Baker nor Yeagley rendered assistance to Stragan as a result of Appellant's threats.
On August 11, 1997, an assault complaint was filed against Appellant in Carroll County Court. On February 24, 1997, Appellant was found guilty after a jury trial of one count of complicity to assault in violation of R.C. § 2903.13(A), a first degree misdemeanor. On April 2, 1997, Appellant was sentenced to ninety days in jail, ordered to attend substance abuse counseling and to pay court costs. Appellant timely appealed his conviction and sentence.
Appellant's sole assignment of error states:
 "THE VERDICT UPON WHICH THE DEFENDANT WAS SENTENCED WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW."
Appellant argues that his mere presence at the scene of an assault cannot form the basis of a conviction on aiding and or abetting the assault. Appellant also argues that the evidence produced at trial shows that he arrived on the scene only after the assault was completed. Appellant contends that, although he may have committed some crime, the evidence does not prove that he committed the crime of complicity to commit an assault. Appellant's argument in this matter is not persuasive.
In reviewing whether a criminal judgment is against the manifest weight of the evidence, the court of appeals acts as a "thirteenth juror" to determine whether, "the jury clearly lost is way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380,387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. The verdict is not against the weight of the evidence when there is evidence which, if believed, will convince the average person of the accused's guilt beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169, 172. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass
(1967), 10 Ohio St.2d 230, at paragraph one of syllabus.
R.C. § 2903.13 states, in pertinent part:
 "(A) No person shall knowingly cause or attempt to cause physical harm to another * * *."
"* * *
 "(C) Whoever violates this section is guilty of assault. Except as otherwise provided in division (C)(1), (2), or (3) of this section, assault is a misdemeanor of the first degree."
A person charged with assault may be convicted of complicity in an assault if there is proof beyond a reasonable doubt that an assault occurred and if, acting with the kind of culpability needed for assault, he or she aided or abetted the assailant in committing the assault. R.C. § 2923.03(A)(2); State v. Cooey (1989), 46 Ohio St.3d 20, 25. "Aid" means to assist, and "abet" means to incite or encourage. State v. Sims
(1983), 10 Ohio App.3d 56, 58. "Without previous connection to the transaction, one is not an aider and abettor unless he knowingly does something which he ought not to do, or omits to do something he ought to do, which assists or tends in some way to affect the doing of the thing the law forbids; in order to aid or abet, whether by words, acts, encouragement, support or presence, there must be something more than a failure to object unless one is under a legal duty to object." State v.Stepp (1997), 117 Ohio App.3d 561, 569.
Encouraging an assailant to continue an assault is a form of aiding and abetting an assault. State v. Monroe (1992), 81 Ohio App.3d 745, 747. There was testimony by Baker that Appellant approached the passenger side of the car at the same time that White was assaulting Stragan. (2/25/98 Tr. p. 85). Baker testified that Appellant told him, ". . . if I didn't get back in the car he was going to fuck me up." (Id.) Although there is other testimony which indicated that the assault was over before Appellant threatened Baker, the jury was free to believe Baker's testimony and to discount conflicting testimony. Domigan v. Gillette (1984),17 Ohio App.3d 228, 229. Appellant's threats, along with the menacing behavior of swinging a heavy chain, could be inferred as encouragement to White to continue the assault without fear that Stragan's companions would intervene. Appellant did more than merely observe the assault. He actively participated in such a way that criminal intent can be inferred. State v. Monroe, supra, 81 Ohio App.3d at 747.
Appellant's assignment of error is therefore without merit and the judgment of the trial court is hereby affirmed.
Donofrio, J., and Vukovich, J., concur.