[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 198.]

THE STATE OF OHIO, APPELLANT, *v.* MACK, APPELLEE.

[Cite as *State v. Mack*, 1998-Ohio-375.]

*Criminal procedure—Trial court properly denied defendant's request for an instruction on the offense of aggravated assault as an inferior degree of the offense of felonious assault, when.*

(No. 96-2250—Submitted March 24, 1998—Decided June 24, 1998.)

APPEAL from the Court of Appeals for Montgomery County, No. CA 15375.

———————————

{¶ 1} On March 8, 1995, appellee, Zavis D. Mack, went with his girlfriend, Katrina Conner, to pick up her children for visitation at the apartment of her estranged husband, Chris Conner. At the time, Chris and Katrina were separated and seeking a divorce. Chris answered the door and asked Katrina to come inside because he wanted to talk to her about the scheduled visitation. However, Katrina refused to enter the residence. Instead, she and Chris became involved in an argument, which eventually escalated to include Mack. Chris went back inside his residence in order to get a business card that the case worker had left for him to give to Katrina. There is conflicting testimony as to what happened when he returned. Chris testified that he had been carrying Mace in his back pocket, and Katrina questioned him as to why he was carrying it. He stated that he always carried mace because of the dogs running loose in the building, not on account of her or Mack. Apparently to demonstrate his intentions, he then threw the Mace on the ground, and Katrina picked up the Mace.

{¶ 2} According to Chris, Mack then started running towards him with a knife. Chris attempted to get back inside his apartment building, but the door would not open. He testified that he ran into the street with Mack chasing him, and attempted to jump over the hood of a parked car. Although he made it over the

hood, he slipped on some ice and fell down. As he was trying to get up, Mack stabbed Chris with his knife repeatedly. A neighbor corroborated Chris's story that Mack had charged Chris with his knife. Another neighbor said that Mack charged Chris and later pulled out a knife when they were at the car.

{¶ 3} However, Mack told a different version of events. He testified that he had been told by his cousin on a prior occasion that Chris had threatened him and that on the day of the stabbing, it was Chris who instigated the situation. Mack asserted that Chris threatened him and that when Chris emerged from his apartment the second time, he was holding an object behind his back. Mack stated that Chris began to chase him until Chris eventually turned around and began threatening Katrina, ordering her to go inside and raising a clenched fist at her. At that point, Mack stated that in order to protect Katrina, he pulled out his knife and began to chase Chris. Mack admitted that he chased Chris and that Chris fell down after trying to jump over the car. However, he testified that when he turned to walk away, Chris grabbed him by his jacket, and that was when he stabbed Chris.

{¶ 4} Mack admitted that he was aware that at some point when Chris had been chasing him, Chris had dropped the object that had been behind his back, which happened to be the Mace, and that Katrina had retrieved it. Mack stated that he was afraid during the incident, and that he was trying to defend himself and Katrina from Chris, even though he knew that Chris was unarmed.

{¶ 5} Mack was indicted on one count of felonious assault with a prior aggravated felony conviction specification added. He was found guilty by a jury as charged. On appeal, Mack argued that the trial court erred in refusing to charge the jury on the lesser included offense of aggravated assault. The court of appeals agreed, reversing the jury verdict and remanding the cause for a new trial.

{¶ 6} The cause is now before this court pursuant to the allowance of a discretionary appeal.

———————————

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *John J. Amarante*, Assistant Prosecuting Attorney, for appellant.

*J. Allen Wilmes*, for appellee.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 7} We must determine in this case whether the trial court acted properly in refusing to instruct the jury on the offense of aggravated assault. Because we find that the evidence of serious provocation was not reasonably sufficient as a matter of law to justify such an instruction, we reverse the judgment of the court of appeals, and reinstate appellee's conviction.

{¶ 8} Initially, the state argues that the court of appeals should not have reversed Mack's conviction, since he failed to preserve the issue and therefore waived his right to appeal. Appellant's argument rests on the fact that, at trial, defense counsel failed to object in writing to the court's proposed jury instructions that did not include aggravated assault. The state relies on Crim.R. 30(A), which provides, "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. * * * On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. * * *"

{¶ 9} In *State v. Wolons* (1989), 44 Ohio St.3d 64, 541 N.E.2d 443, paragraph one of the syllabus, we held that a party does not waive his or her objections to the court by failing to formally object, where the record affirmatively shows that the trial court has been fully apprised of the correct law governing a material issue in dispute. In that case, defense counsel did not expressly object to the court's jury instructions. However, he advised the court that there were several cases on point supporting his requested instruction. *Id.* at 66-67, 541 N.E.2d at 445.

Furthermore, in *State v. Williford* (1990), 49 Ohio St.3d 247, 551 N.E.2d 1279, paragraph three of the syllabus, we stated that an error was preserved for appeal "when the defendant objects in accordance with the second paragraph of Crim.R. 30(A), whether or not there has been a proffer of written jury instructions in accordance with the first paragraph of Crim.R. 30(A)."

{¶ 10} As in *Wolons*, the record affirmatively shows that Mack complied with the requirements of Crim.R. 30(A). At trial and at the close of evidence, defense counsel twice requested that the court give a charge on the lesser offense of aggravated assault, arguing that under the decision of *State v. Deem*, *infra*, such a charge was warranted. After the jury was charged, but before it began deliberations, the judge asked whether there were any "[o]missions or corrections that counsel wish to call to the attention of the Court." Although defense counsel did not expressly object to the charge given, counsel implied so by stating, "Other than what's been previously placed in the record, no." Since the judge was fully apprised of the law and defense counsel's requests, appellee complied with Crim.R. 30(A), and properly preserved the issue regarding the failure to give a jury charge on aggravated assault for appellate review. See, also, *State v. Brooks* (1996), 75 Ohio St.3d 148, 160, 661 N.E.2d 1030, 1041.

{¶ 11} We next decide whether a jury charge on aggravated assault was warranted in this case. In *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, we held that "aggravated assault" was an offense of an inferior degree of felonious assault because its elements were identical to felonious assault except for the additional mitigating element of provocation. Thus, we stated, "in a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury." *Id.,* paragraph four of the syllabus. Furthermore, "[p]rovocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force.

In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time." *Deem*, at paragraph five of the syllabus. In that case, we found that a historically stormy relationship and the bumping of the offender's car by the victim's car were insufficient, as a matter of law, to incite the offender into using deadly force. *Deem,* 40 Ohio St.3d at 211, 533 N.E.2d at 300. Since there was insufficient evidence of provocation, we held that "even though aggravated assault is an offense of an inferior degree to the indicted crime [of felonious assault], an instruction thereon was not supported by the evidence presented in this case, and was properly refused." *Id.*

{¶ 12} In *State v. Shane* (1992), 63 Ohio St.3d 630, 590 N.E.2d 272, we elaborated on what constitutes "reasonably sufficient" provocation in the context of voluntary manslaughter. First, an objective standard must be applied to determine whether the alleged provocation is reasonably sufficient to bring on a sudden passion or fit of rage. That is, the provocation must be "sufficient to arouse the passions of an ordinary person beyond the power of his or her control." If this objective standard is met, the inquiry shifts to a subjective standard, to determine whether the defendant in the particular case "actually was under the influence of sudden passion or in a sudden fit of rage." *Id.* at 634-635, 590 N.E.2d at 276. We also held in *Shane* that words alone will not constitute reasonably sufficient provocation to incite the use of deadly force in most situations. *Id.,* paragraph two of the syllabus.

{¶ 13} As applied in this case, we find the evidence insufficient, as a matter of law, to establish provocation that is reasonably sufficient to incite the use of deadly force. Chris Conner's testimony, corroborated for the most part by two neighbors, asserts that Mack charged after him with a knife after they were arguing. Even if we accept Mack's version of events, there is no evidence of serious

provocation reasonably sufficient to incite Mack into stabbing Chris. Mack testified that he had been told that Chris had made threats to him in the past. However, past incidents or verbal threats do not satisfy the test for reasonably sufficient provocation when there is sufficient time for cooling off. *State v. Huertas* (1990), 51 Ohio St.3d 22, 31-32, 553 N.E.2d 1058, 1068-1069. See, also, *State v. Pierce* (1980), 64 Ohio St.2d 281, 18 O.O.3d 466, 414 N.E.2d 1038. In this case, there is no evidence that any past incidents provoked appellee into a sudden passion or fit of rage.

{¶ 14} The evidence clearly shows that Mack stabbed Chris after chasing him across the street and over a car. Mack knew that Chris was unarmed and was retreating, and that Katrina had control of the Mace which Chris had dropped. Nevertheless, he continued to pursue Chris. Mack testified that he was afraid at the time, but the record contains no evidence that the defendant's actions were influenced by a sudden passion or fit of rage at the time of the incident. Fear alone is insufficient to demonstrate the kind of emotional state necessary to constitute sudden passion or fit of rage. See *State v. Collins* (1994), 97 Ohio App.3d 438, 445-446, 646 N.E.2d 1142, 1146-1148; *State v. Cunningham* (Oct. 17, 1991), Clark App. No. 2759, unreported, 1991 WL 216410; *State v. Williams* (Aug. 13, 1992), Cuyahoga App. No. 60819, unreported, 1992 WL 198114. In this case, there is no evidence of any serious provocation that would arouse the passions of an ordinary person beyond his or her control. Thus, Mack has failed to meet even the objective standard of *Shane* in order to demonstrate reasonably sufficient provocation.

{¶ 15} Accordingly, we hold that the trial court properly denied the defendant's request for an instruction on the offense of aggravated assault as an inferior degree of the offense of felonious assault. The judgment of the court of appeals is reversed, and appellee's conviction is reinstated.

*Judgment reversed*
*and conviction reinstated.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____