JOURNAL ENTRY AND OPINION
Appellant, Marlowe Arnett, appeals from the judgment of the Cuyahoga County Court of Common Pleas convicting him of murder, in violation of R.C. 2903.02.
The incident resulting in appellant's conviction occurred on February 14, 2000. Appellant and the victim, Donnie E. Smith, became engaged in a fist fight at approximately 6:30 a.m. on East 114th Street, Cleveland, Ohio. The fight ended by appellant stabbing Smith to death. On February 22, 2000, the Cuyahoga County Grand Jury indicted appellant on one count of aggravated murder, in violation of R.C. 2903.01; one count of attempted aggravated murder, in violation of R.C. 2903.01 and 2923.02; and one count of felonious assault, in violation of R.C. 2903.11.
A jury trial commenced on July 17, 2000. Belinda Davis, appellant's ex-girlfriend, testified that she had a relationship with appellant for approximately four to five years. She stated that she ended the relationship with appellant because he physically abused her. In February of 2000, Donnie Smith moved into Davis's house and lived with her for approximately three weeks. Davis gave the following testimony with respect to the events that led to the stabbing death of Donnie Smith. Appellant approached her and the victim while they were walking to the bus stop located at East 115th and Superior Avenue. As they were walking, Davis saw appellant lurking on the steps of an abandoned house. Appellant proceeded to approach the couple and grabbed Davis by the lapels of her jacket and angrily questioned her why she was walking with Smith. Davis further testified that Smith punched appellant so that he would let her go. Smith and appellant began fist fighting, and when the fight began, neither of them had weapons.
According to Davis, she and Smith attempted to run away from appellant, but he ran after them and grabbed Davis by the hood of her jacket. As appellant held on to her jacket, he pulled out a knife with a long blade and started swinging it around. The victim punched appellant, but appellant did not fall to the ground. Davis further testified that appellant then reached over her shoulder and stabbed Smith. She turned around and saw the victim lying on the ground.
Frank Miller, III, M.D., Deputy Coroner for Cuyahoga County, testified that the stab wound went from left to right, from front to back, and upward at approximately a forty-five degree angle. He further testified that the knife pierced Smith's abdomen underneath his rib cage and ultimately caused a perforation of his aorta. The coroner concluded that the cause of death was a stab wound of the abdomen with intestinal and vascular injuries, and he ruled the death a homicide.
Appellant testified in his own defense. He testified that he was waiting for Davis the morning of February 14, 2000 so that he could wish her a happy Valentine's Day. He hugged Davis and when he tried to kiss her, Smith grabbed him by the back of his coat. Appellant further testified that he and Smith started to fist fight and that Smith threatened to kill him. According to appellant, Smith's threat frightened him because he had heard that Smith carried a weapon. Appellant claimed that he stabbed Smith in self-defense because he thought that Smith was going to kill him.
On July 21, 2000, the jury found appellant guilty of aggravated murder and not guilty of felonious assault.[1] On September 12, 2000, the trial court granted appellant's motion to set aside the verdict under Crim.R. 29(C) and reduced the charge from aggravated murder to murder on the grounds that there was insufficient evidence to prove that the murder was done with prior calculation and design. The trial court then sentenced appellant to serve a term of incarceration of fifteen years to life. From his judgment of conviction, appellant assigns the following errors:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO INSTRUCT THE JURY ON THE LESSER OFFENSE OF VOLUNTARY MANSLAUGHTER.
 II. APPELLANT'S CONVICTION OF MURDER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In his first assignment of error, appellant contends that he presented sufficient evidence at trial to entitle him to an instruction on voluntary manslaughter. Appellant maintains that the assertion of self-defense does not relieve the trial court from its obligation to instruct the jury on both murder and voluntary manslaughter.
In State v. Shane (1992), 63 Ohio St.3d 630, 590 N.E.2d 272, the Ohio Supreme Court discussed when a trial court should give a jury instruction on voluntary manslaughter that has been requested by the defendant. The Court stated:
 * * * [A] defendant charged with murder is entitled to an instruction on voluntary manslaughter when the evidence presented at trial would reasonably support both an acquittal on the charged crime of murder and a conviction for voluntary manslaughter. [citations omitted].
Whether the evidence reasonably supports a conviction for voluntary manslaughter depends on whether the defendant's conduct fits within Ohio's voluntary manslaughter statute. Id. R.C. 2903.03 sets forth the offense of voluntary manslaughter and provides:
 (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another.
The Supreme Court explained that reasonably sufficient provocation does not exist unless the provocation is objectively and subjectively reasonable. The provocation must be sufficient to bring on sudden passion or a sudden fit of rage. If the provocation is objectively reasonable, the trial court must determine if the defendant was actually under the influence of a sudden passion or in a sudden fit of rage when he acted. Id. at 634.
In the instant case, we cannot conclude that the trial court erred by refusing to give a voluntary manslaughter instruction. Appellant's testimony of the events leading to the stabbing does not constitute evidence that appellant was reasonably provoked by Donnie Smith. Appellant testified that he stabbed Smith because he was afraid that Smith was going to kill him due to his purported knowledge that Smith carried a weapon, not because he was under a sudden fit of rage provoked by Smith. As stated by the Ohio Supreme Court in State v. Mack (1998),82 Ohio St.3d 198, 201, 694 N.E.2d 1328, "[f]ear alone is insufficient to demonstrate the kind of emotional state necessary to constitute sudden passion or fit of rage." Appellant's first assignment of error is overruled.
In his second assignment of error, appellant alleges that the verdict finding him guilty of murder was against the manifest weight of the evidence. Weight of the evidence concerns the `inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other * * *. [Emphasis in original]. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541.
The Ohio Supreme Court has approved the following test to determine whether a jury verdict in a criminal case is against the manifest weight of the evidence:
 `The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction.' Thompkins, supra, at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
After reviewing the entire record, we do not believe that the verdict is against the manifest weight of the evidence. The State presented a significant amount of credible evidence to prove that appellant murdered Donnie Smith. The trier of fact generally decides the weight to be given the evidence and the credibility of the witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. In the case sub judice, the jury, as the trier of fact, chose not to believe appellant's version of what transpired the morning of the stabbing. We cannot conclude that the jury lost its way or created such a manifest miscarriage of justice that appellant's conviction must be reversed and a new trial ordered. Appellant's second assignment of error is overruled.
It is ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., AND ANN DYKE, J., CONCUR.
[1] The victim alleged in this count was Belinda Davis.