Because I do not find that the facts in this case provide sufficient evidence of serious provocation, as a matter of law, to warrant an instruction on aggravated assault, I must respectfully dissent from the majority.
In a trial for felonious assault, it is incumbent upon a criminal defendant to present evidence of serious provocation in order to warrant an instruction on the lesser included offense of aggravated assault. Accordingly, the touchstone of this determination is whether the facts presented are sufficient to incite a reasonable person to not merely to respond with violence, but to react with deadly force.[1] Provocation to fight, whether by verbal threats or initial physical aggression, does not amount to provocation to use deadly force absent circumstances under which a reasonable person would be placed under such extreme stress as to react in a manner beyond the power of his or her control.[2] "[F]ear alone is insufficient to demonstrate the kind of emotional state necessary to constitute sudden passion or fit of rage."[3] "Words alone will not constitute reasonably sufficient provocation to incite the use of deadly force in most situations."[4] Moreover, the fact that such threats are coupled with initial unarmed physical aggression is generally not sufficient to incite a reasonable person to use deadly force.[5]
In their determination, the majority claims that the cases in which the instruction was not required are distinguishable, asserting that there was overwhelming evidence in those cases that the defendant brought the conflict to the victim and was the initial aggressor. In State v. Mack, however, the defendant testified that the victim instigated the situation through verbal threats and had emerged from his apartment holding an object behind his back. The defendant further testified that the victim chased him and had threatened his girlfriend by raising a clenched fist at her. The defendant claimed that he was afraid during the incident and that he was trying to defend himself and his girlfriend, but admitted, however, that he knew the victim was unarmed. Applying the aforementioned principles to the illustrated facts, the Ohio Supreme Court found that even if they accepted the defendant's version of events, "the evidence [was] insufficient, as a matter of law, to establish provocation that is reasonably sufficient to incite the use of deadly force."
In the instant case, Torres made absolutely no claim that he was incited into using deadly force, did not allege that he believed Marroquin to be armed, and he was not faced with immediate physical confrontation. As the majority points out, Torres retorted with his own name-calling. While Torres claimed that he was afraid and did not think out or plan his actions, he testified that when he exited his vehicle he walked quickly towards the other car and "as [Marroquin] was getting out, I was just going to try to, you know, just hit him over the head." Moreover, the videotape reveals that Torres's vehicle was not cornered, that he was not prevented from leaving, and that Marroquin never left his vehicle and remained seated as Torres exited the other car with the beer bottle. Only after he had stabbed Marroquin three times in the back of the arm and back, did Torres instruct his girlfriend to leave. To this extent, Torres contemplated his actions, placed himself in a position for this crime to occur, and precipitated the course of events to follow.
Although the preceding altercations and taunting may have constituted adequate provocation to fight, there is no evidence of any serious provocation that would arouse the passions of a reasonable person beyond his or her control, much less drive an ordinary individual to break a bottle over someone's head and stab them repeatedly with it. Rather, Torres's testimony illustrates his considered reflection upon the evening's events and a calculated course of action. Accordingly, a charge on aggravated assault was not warranted in this matter.
[1] State v. Deem (1988), 40 Ohio St.3d 205, 211 (Emphasis added.), quoting State v. Mabry (1982), 5 Ohio App.3d 13, paragraph five of syllabus.
[2] State v. Mack (1998), 82 Ohio St.3d 198, 201.
[3] Id.; State v. Collins (1994), 97 Ohio App.3d 438, 445-456.
[4] State v. Shane (1992), 63 Ohio St.3d 630, paragraph two of the syllabus; Mack, 82 Ohio St.3d at 200-201.
[5] State v. Moore (May 31, 2001), Cuyahoga App. No. 78085, unreported; State v. Cross (Sept. 30, 1999), Stark App. No. 1998CA00238, unreported, dismissed, appeal not allowed by 87 Ohio St.3d 1491; Mack, supra; State v. Oviedo (1982), 5 Ohio App.3d 168, 174-175; State v.Collins (1994), 97 Ohio App.3d 438, 445-446.