OPINION
{¶ 1} Defendant, Angelo Thomas, appeals from his conviction and sentence for attempted murder and two counts of murder with firearm specifications. Those convictions were entered upon Defendant's no contest pleas.
 {¶ 2} On March 30, 2000, Defendant and Erica Parker lived together at an apartment located at 969 W. Stewart Street in Dayton. On that date, Defendant physically assaulted Erica Parker, resulting in injuries that required hospitalization. Erica Parker filed a complaint with the police and a warrant was issued for Defendant's arrest.
 {¶ 3} On April 1, 2000, Erica's mother Sheliah Parker, and her brother, Derek Parker, came from Cincinnati to help Erica move her personal belongings out of the apartment she shared with Defendant. That evening Erica and her friend, Carlton Peake, went to Rally's to purchase dinner for Erica's mother. While they were gone, Defendant arrived at the apartment accompanied by his brother and some friends.
 {¶ 4} Defendant demanded that Sheliah Parker let him into the apartment to collect his personal belongings. Sheliah, talking to Defendant from an upstairs bedroom, refused to let Defendant enter. Defendant responded by shooting at Sheliah through the bedroom window. Sheliah immediately called police.
 {¶ 5} Meanwhile, Defendant kicked open the front door and proceeded to the upstairs bedroom where Sheliah was located. Defendant pointed his gun at Derek Parker and then he held the gun up to Sheila's head and yelled: "You're f______ with the wrong one." Defendant then pulled the trigger but the gun did not fire. At that point Defendant's friends persuaded him to leave the apartment.
 {¶ 6} Defendant went outside and waited for Erica to return. When Erica and Carlton Peake arrived, Defendant shot and killed both of them.
 {¶ 7} Defendant was indicted on one count of felonious assault, R.C. 2903.11(A)(2), one count of aggravated burglary, R.C. 2911.11(A)(2), one count of attempted murder, R.C. 2903.02(A), 2923.02(A), and two counts of murder, R.C. 2903.02(A). A three year firearm specification, R.C. 2941.145, was attached to all of the charges. Defendant was also charged in another case, No. 00CR1751, with harassment of an inmate, R.C. 2921.38(A). Subsequently, Defendant entered into a negotiated plea agreement with the State.
 {¶ 8} Defendant entered no contest pleas to the attempted murder charge without the firearm specification, and to both murder charges with the firearm specifications. In exchange, the State dismissed the felonious assault and aggravated burglary charges and their specifications, and the harassment by an inmate charge in case 00CR1751. There was a joint recommendation by the parties regarding the consecutive sentences to be imposed upon Defendant, which in the aggregate total thirty eight years to life. Following a recitation of the facts and the introduction of exhibits by the State, the trial court found Defendant guilty and imposed the jointly recommended sentence.
 {¶ 9} On February 20, 2002, we granted Defendant leave to file a delayed appeal.
 {¶ 10} At the outset we note that the record before us indicates that one of the conditions of the parties' plea agreement was that Defendant waived his right to appeal in this matter. Inasmuch as the State has not relied upon that provision as a bar to this appeal, we need not address the issue.
 First Assignment of Error {¶ 11} "The appellant's trial counsel failed to adequately represent appellant."
 {¶ 12} Defendant alleges that his trial counsel was ineffective for having encouraged him to plead no contest to attempted murder with respect to Sheliah Parker and murder with respect to Erica Parker and Carlton Parker, when the State's evidence proves no offense greater than attempted voluntary manslaughter and voluntary manslaughter.
 {¶ 13} In Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, the United States Supreme Court set forth the standard for judging claims of ineffective assistance of trial counsel:
 {¶ 14} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or setting aside of a death sentence requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.
 {¶ 15} "The proper standard for judging attorney performance is that of reasonably effective assistance, considering all the circumstances. When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.
 {¶ 16} "With regard to the required showing of prejudice, the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Syllabus, 2. Accord: State v.Bradley (1989), 42 Ohio St.3d 136.
 {¶ 17} The principal difference between murder and voluntary manslaughter is the presence in the later offense of the mitigating element of serious provocation by the victim that is reasonably sufficient to incite the defendant into using deadly force. R.C.2903.02(A), R.C. 2903.03(A). In determining for purposes of voluntary manslaughter what constitutes reasonably sufficient provocation, an objective standard is first applied to determine whether the provocation was reasonably sufficient to bring on a sudden passion or fit of rage. In other words, the provocation must be sufficient to arouse the passions of an ordinary person beyond the power of his or her control. State v.Shane, (1992), 63 Ohio St.3d 630, State v. Mack, 82 Ohio St.3d 198,1998-Ohio-375. Only if that standard is met does the inquiry then shift to a subject standard: whether the particular defendant, given his emotional and mental state and the surrounding circumstances at the time of the killing, was under the influence of a sudden passion or in a sudden fit of rage. Id. Words alone are not sufficient, in most situations, to incite the use of deadly force. Id.
 {¶ 18} The evidence in this case does not satisfy the objective test because it fails to demonstrate that the victim's conduct was provocation that was reasonably sufficient to arouse the passions of an ordinary person beyond the power of his or her control.
 {¶ 19} With respect to the attempted murder of Sheliah Parker, Defendant argues that the evidence demonstrates that he is guilty of only attempted voluntary manslaughter. Specifically, Defendant alleges in his brief that Sheliah Parker provoked him: that he and Sheliah Parker were arguing and that she was angry because Defendant had assaulted and injured her daughter, Erica. Defendant claims that Sheliah used this opportunity to "heap scorn and ridicule upon him." There is no evidence in the record before us to support Defendant's contentions. Moreover, even had Sheliah Parker been arguing with Defendant and was angry with him for injuring her daughter, her words alone would not constitute sufficient provocation to incite an ordinary person into putting a loaded gun up to Sheliah's head and pulling the trigger, as Defendant did. The evidence in this case is insufficient as a matter of law to establish provocation reasonably sufficient to incite the use of deadly force. Voluntary manslaughter is simply not applicable.
 {¶ 20} With respect to the murders of Erica Parker and Carlton Peake, Defendant claims that he is guilty of only voluntary manslaughter. Once again Defendant alleges that he was provoked: that when Erica Parker and Carlton Peake returned and met Defendant, "an argument again broke out between the parties."
 {¶ 21} The record before us does not demonstrate that any argument took place between Defendant and Erica Parker and/or Carlton Peake before Defendant fatally shot them. Once again, even if the victims had argued with Defendant, that mere verbal altercation is not sufficient provocation to incite an ordinary person into using deadly force. Mack,supra. The evidence in this case is legally insufficient to demonstrate reasonably sufficient provocation for voluntary manslaughter.
 {¶ 22} The evidence against Defendant was overwhelming. There were numerous eyewitnesses and physical evidence that supported all of the charges against him. Moreover, Defendant confessed to his sister and foster mother that he had killed Erica Parker and Carlton Peake. It is highly likely that had Defendant proceeded to trial, he would have been convicted of all of the charges and specifications, and then would have faced a potential penalty of seventy-three years to life.
 {¶ 23} Under the plea agreement defense counsel negotiated, Defendant is serving thirty-eight years to life, slightly more than one-half of the potential sentence he faced if convicted of all charges following a trial. Defendant's no contest pleas in this case obviously resulted in a favorable sentence and were "a wiser course to follow."State v. Wynn (1998), 131 Ohio App.3d 725, 730.
 {¶ 24} This record fails to demonstrate deficient performance by defense counsel. That may well explain why Defendant told the trial court at the time he entered his pleas that he was "110% satisfied" with his attorney's services.
 {¶ 25} The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and BROGAN, J., concur.