OPINION
{¶ 1} This matter comes before us on a timely request for reconsideration filed by Appellee, State of Ohio. Appellant, John Perdue, has not filed a response in opposition. The State asks that we reconsider our decision made in the case styled State v. Perdue, 7th Dist. No. 02 CA 244, 2003-Ohio-3481. Because our opinion on the merits does not contain any obvious error and we gave full consideration to each of the State's arguments in that opinion, we deny this motion for reconsideration.
 {¶ 2} Pursuant to App.R. 26(A), a party may file an application for reconsideration of an appellate court decision. The standard for reviewing such an application is whether the application "calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." Columbus v. Hodge
(1987), 37 Ohio App.3d 68, paragraph one of the syllabus.
 {¶ 3} "An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." State v. Owens (1996),112 Ohio App.3d 334, 336.
 {¶ 4} The State argues we must reconsider our decision for two reasons. First, it contends our analysis of whether Perdue's conviction was supported by sufficient evidence is incomplete. More specifically, the State contends that when we were distinguishing between the elements a defendant charged with murder needs to prove when arguing self-defense and voluntary manslaughter we distinguished fear from a sudden fit of rage, but not from a sudden passion. It attributes this alleged deficiency in our reasoning to the same deficiency in the cases we relied upon, most notably, State v. Mack (1998), 82 Ohio St.3d 198, and State v.Harris (1998), 129 Ohio App.3d 527.
 {¶ 5} According to the State, the legislature must have meant for a sudden passion or fit of rage to mean different things since the two phrases are separated by an or. It then contends the plain meaning of sudden passion is an emotion such as terror which would render the mind incapable of reflection. It then defines terror as, among other things, fear caused by the apprehension of danger. The State's argument is best summarized by this footnote to its brief.
 {¶ 6} "It bears repeating that being `scared' does fit into the gamut of emotions envisioned by the voluntary manslaughter statute, particularly terror. The accepted definition simply looks to the presence of a hostile or threatening event and the attendant fear. Undoubtedly, being faced with a person who is nearly out of control, who has struck you, and who has already brandished a deadly weapon can conjure up the feelings necessary to mitigate murder to voluntary manslaughter."
 {¶ 7} We cannot accept the State's argument for two reasons. First, the State's argument demonstrates it simply disagees with our previous decision. The very fact that it criticizes the caselaw we relied upon, including Ohio Supreme Court cases, shows that our decision is not obviously erroneous and that it is supportable under the law. If the State wished to attack the existing caselaw, it should have done so in its merit brief, not in an application for reconsideration.
 {¶ 8} But even if that caselaw did not exist, we would have to reject the State's basic premise. Essentially, the State is arguing that whenever a person is feeling terror, then he is suffering from a sudden passion. In other words, any time a person is terrified by another's actions and fears for his life and then kills that threatening person, then that person would be guilty of voluntary manslaughter because the person would be acting under a sudden passion at the time of the killing. This interpretation basically eradicates any defendant's ability to argue self-defense as a complete defense to murder because any time a defendant is acting in self-defense, they would also be committing voluntary manslaughter. Because self-defense is a complete defense to a charge of murder, its elements must be distinct from those defining voluntary manslaughter. This is why we and the court in Harris concluded that evidence supporting the privilege of self-defense does not constitute sudden passion or a fit of rage as contemplated by the voluntary manslaughter statute. Accordingly, we reject the State's first argument as meritless.
 {¶ 9} In its second argument, the State asks us to reconsider our opinion since the trial court's decision to give a voluntary manslaughter instruction was invited error. Apparently, the State is arguing that we could not reverse Perdue's conviction for voluntary manslaughter based on the insufficiency of the evidence since he did not object to the voluntary manslaughter instruction. Once again, we must reject the State's argument.
 {¶ 10} We did not reverse Perdue's conviction because of a failure or deficiency in the trial court's jury instructions. Rather, we reversed his conviction because there was not sufficient evidence supporting that conviction. A defendant waives his ability to argue the sufficiency of the evidence on appeal when he fails to make a Crim.R. 29(A) motion for acquittal, not when he fails to object to a jury instruction. See Daytonv. Rogers (1979), 60 Ohio St.2d 162, 163; State v. Miley (1996),114 Ohio App.3d 738, 742. In this case, Perdue made such a motion both at the close of the State's case-in-chief and at the close of all the evidence. Accordingly, he preserved his ability to argue the insufficiency of the evidence on appeal. This argument is also meritless.
 {¶ 11} For the foregoing reasons, the State's motion for reconsideration is denied.
Donofrio and DeGenaro, JJ., concur.
Waite, P.J., dissents, based on my arguments in original dissenting opinion.