OPINION
{¶ 1} Defendant-appellant Travis Newell appeals from his conviction and sentence on one count of murder, with firearm specification. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 19, 2003, defendant-appellant Travis Newell was indicted on two counts of murder, in violation of 2903.02(A) and 2903.02(B), respectively, each with firearm specifications. These charges arose from the following statement of facts.
 {¶ 3} Sometime during the late night hours of September 14, 2003, and continuing into the early morning hours of September 15, 2003, an incident occurred between appellant and his brother, Michael Riddle. The incident began as a dispute between other individuals in the basement of appellant's home. As a result, appellant's sister left the basement crying and went upstairs. Appellant went upstairs to try to resolve the situation and was confronted by his brother, Michael Riddle. According to appellant, Riddle physically attacked appellant, choking him and punching him several times. Appellant claims that the actions of Riddle caused appellant to get furious. Appellant got free from Riddle and proceeded to the upper floor of the home where he retrieved a firearm from his bedroom. According to appellant, it took him 10 to 15 seconds to secure the firearm. Appellant then returned to the ground floor, closing his sister's door on the way. Appellant then shot Riddle, firing approximately seven shots. Riddle was killed.
 {¶ 4} Throughout the proceedings in the trial court, appellant claimed that the beating he suffered on September 15, 2003, was part of an ongoing pattern of abuse by Riddle. Specifically, appellant claimed that on one previous occasion, Riddle had jumped on appellant and struck appellant several times in the ribs causing appellant severe pain. Appellant also claimed that on another occasion, Riddle pinned appellant to the ground and punched appellant repeatedly in the head. As a result of that attack, appellant suffered injuries serious enough to form large welts on his head which were present the next day.
 {¶ 5} Pursuant to the assertion that appellant was the victim of ongoing abuse, appellant filed a motion in limine and request for special jury instructions. Appellant sought to permit evidence of the prior conduct by Riddle and a special jury instruction on the offense of voluntary manslaughter. A hearing was held on the motion. Subsequently, the trial court denied appellant's request to introduce the evidence of specific prior conduct by Riddle.
 {¶ 6} The matter proceeded to a trial by jury on February 9, 2004. During the course of the trial, the trial court renewed its prohibition of evidence concerning prior incidents of provocation and denied appellant's request that the jury be instructed on the offense of voluntary manslaughter. At the conclusion of the presentation of evidence, appellant waived his right to a jury trial and agreed to have the matter determined by the trial court.
 {¶ 7} Thereafter, the trial court entered a finding of guilty on the two counts of murder and the accompanying firearm specifications. The trial court merged the counts for the purposes of sentencing. Appellant was then sentenced to three years of incarceration on a firearm specification and 15 years to life for murder. The trial court ordered that the three year sentence be served consecutively to the 15 years to life sentence.
 {¶ 8} It is from this conviction and sentence that appellant appeals, raising the following assignment of error:
 {¶ 9} "The trial court committed harmful error in precluding the defendant-appellant's efforts to further his defense through the introduction of exculpatory evidence concerning the issue of provocation by the alleged victim herein.
 I {¶ 10} In the sole assignment of error, appellant contends that the trial court abused its discretion when it precluded appellant from introducing evidence concerning alleged prior events of provocation by the victim which allegedly led to appellant's reaction on the day of the shooting. We disagree.
 {¶ 11} As an initial matter, we note that the admission or exclusion of evidence is generally a matter resting within the trial court's sound discretion, and its decision in such matters will not be disturbed on appeal absent an abuse of discretion.State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343. An abuse of discretion connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 12} In this case, appellant sought to present evidence concerning prior incidents between appellant and the victim which were not directly related in time but, which appellant alleges, were evidence of ongoing provocation. Appellant argues that when this excluded evidence is considered, there was evidence of provocation which would have warranted a jury instruction on the offense of voluntary manslaughter. Appellant concedes that absent this evidence of ongoing provocation, appellant's response to the immediate incident which led to the shooting would not warrant such an instruction.
 {¶ 13} We will start our analysis with the definition of the offense of voluntary manslaughter. Voluntary manslaughter is defined in R.C. 2903.03(A) as follows: "No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another. . . ."
 {¶ 14} In order to warrant an instruction on voluntary manslaughter, a defendant must present sufficient evidence of serious provocation such that a jury could reasonably acquit the defendant of murder and convict the defendant of voluntary manslaughter. State v. Shane (1992), 63 Ohio St.3d 630, 637,590 N.E.2d 212; State v. Wilkins (1980), 64 Ohio St.2d 382,388, 415 N.E.2d 303. The defendant must show that he or she was under the influence of sudden passion or in a sudden fit of rage which was brought about by provocation that was "sufficient to arouse the passions of an ordinary person beyond the power of his or her control." Shane, supra. "However, past incidents or verbal threats do not satisfy the test for reasonably sufficient provocation when there is sufficient time for cooling off."State v. Mack (1998), 82 Ohio St.3d 198, 201, 1998-Ohio-375,694 N.E.2d 1328 (citing State v. Huertas (1990),51 Ohio St.3d 22, 31-32, 553 N.E.2d 1058, 1068-1069; State v. Pierce (1980),64 Ohio St.2d 281, 414 N.E.2d 1038).
 {¶ 15} Although no specific dates are cited by appellant, it is clear that the incidents that appellant attempted to present were distant in time from the shooting. As such, there was ample time for "cooling off."
 {¶ 16} Thus, upon review, we find that the trial court did not abuse its discretion, when it precluded evidence of other incidents between appellant and Riddle from which there was ample time to "cool off." Accordingly, appellant's sole assignment of error is overruled.
 {¶ 17} The judgment of the Licking County Court of Common Pleas is affirmed.
Edwards, J., Wise, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.