OPINION
{¶ 1} Defendant-appellant, Samuel Chambers, appeals his felonious assault conviction in the Butler County Court of Common Pleas. We affirm.
 {¶ 2} On October 24, 2003, appellant was living with his girlfriend, Deborah Robinson, in an apartment in Middletown, Ohio. The two were watching television late that night. At about four o'clock in the morning, Robinson arose to lock the door and go to bed. Appellant, who had fallen asleep, was suddenly awakened by the sound. He accused Robinson of having sexual relations with someone while he lay asleep on the couch. Appellant went to the door and looked outside where he claimed to see a man who began to run away. Robinson tried to explain that she was only locking the door shut. Appellant demanded that she remove her pants so he could inspect her undergarments for traces of seminal fluid. Appellant's and Robinson's testimony differed as to whether any was present.
 {¶ 3} Appellant pushed Robinson onto the couch and struck her face several times. Appellant then forced Robinson on her stomach where he tied her hands, her feet, and the two together behind her back with twine. With Robinson hog-tied on the ground, appellant stepped on her face repeatedly while wearing hiking boots. Appellant proceeded to get a knife which he used to slap Robinson as he continued to question her about with whom she had been. After more abuse, Robinson forcibly agreed to say that she had been with another man because appellant's only response to her denials was additional violence.
 {¶ 4} Appellant was arrested the next morning. He was indicted on one count of felonious assault, a second-degree felony, and one count of domestic violence. In February 2004, a jury found him guilty on both counts. The court sentenced appellant to four years in prison and fined him $6,000.
 {¶ 5} Appellant now appeals his convictions raising a single assignment of error.
 {¶ 6} "The trial court erred to the prejudice of the appellant by declining to instruct the jury on the elements of aggravated assault, as a mitigating circumstance to the charge of felonious assault."
 {¶ 7} Aggravated assault, as defined by R.C. 2903.12(A)(2), is not a lesser included offense of felonious assault. State v. Deem (1988),40 Ohio St.3d 205, 210. Instead, aggravated assault, a fourth-degree felony, is an offense of inferior degree of felonious assault because its elements are identical to felonious assault except for the additional mitigating element of serious provocation. State v. Mack,82 Ohio St.3d 198, 200, 1998-Ohio-375.
 {¶ 8} "Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time." Deem, paragraph five of the syllabus. This provocation must be occasioned by the victim. Statev. Shane (1992), 63 Ohio St.3d 630, 637. Thus, in a trial for felonious assault, an instruction on aggravated assault must be given to the jury when the defendant presents sufficient evidence of serious provocation.Deem, paragraph four of the syllabus.
 {¶ 9} In determining whether the defendant presented sufficient evidence to warrant an instruction on the lesser degree offense of aggravated assault, "an objective standard must be applied to determine whether the alleged provocation is reasonably sufficient to bring on a sudden passion or fit of rage." Mack, 82 Ohio St.3d at 201. The provocation must be "sufficient to arouse the passions of an ordinary person beyond the power of his or her control." Shane, 63 Ohio St.3d at 635. If this objective standard is met, the inquiry becomes a subjective one to determine whether the defendant "actually was under the influence of sudden passion or in a sudden fit or rage." Id. at 634.
 {¶ 10} As applied to the case at bar, we find that the trial court did not err when it found there was insufficient evidence to warrant a jury instruction on aggravated assault. Even though the testimony of Robinson and appellant differ as to whether there was any evidence of sexual activity, we find there was no evidence of serious provocation reasonably sufficient to incite appellant to assault Robinson.
 {¶ 11} Appellant and Robinson were not married. Appellant only believed he had evidence of Robinson's sexual activity. His suspicions were fueled in large part by the fact that his own relationship began with Robinson's participation in an adulterous relationship with him. On this basis, he abused Robinson. Statements by Robinson thereafter were the direct result of appellant's threats and violence. We find this evidence insufficient to arouse the passions of an ordinary person beyond the power of his or her control.
 {¶ 12} Furthermore, appellant's response to the alleged provocation reveals that he was not acting in a sudden passion or fit of rage. Appellant examined Robinson for signs of sexual activity. He threw her on the couch and repeatedly struck her. He then proceeded to hog-tie her while he continued questioning Robinson about her relationships with other men. Nearly an hour elapsed. The totality of the evidence in this case does not raise a possibility that his conduct was the result of serious provocation. Accordingly, we overrule appellant's sole assignment or error.
 {¶ 13} Judgment affirmed.
Walsh, P.J., and Valen, J., concur.