JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Thomas Calhoun was separated from his wife. Calhoun entered his wife's house through a window. When his wife returned home, Calhoun beat her, banged her head on a concrete floor, threatened her with a hammer, and forced her to withdraw $500 from an ATM machine. Calhoun took the money, along with his wife's wedding ring, watch, and car keys. Subsequently, Calhoun was convicted of aggravated burglary, felonious assault, and robbery.
Calhoun's sole assignment of error alleges that the trial court erred in convicting him of felonious assault because he produced sufficient evidence that his wife had provoked him into a sudden fit of passion or rage, and, therefore, the court should have convicted him of aggravated assault.
In State v. Dixson (May 21, 2004), 1st Dist. No. C-030227, 2004-Ohio-2575, citing State v. Mack, 82 Ohio St.3d 198, 201,1998-Ohio-375, 694 N.E.2d 1328, and State v. Shane (1992),63 Ohio St.3d 630, 634-635, 590 N.E.2d 272, we stated, "To determine whether sufficient evidence of serious provocation exists, a trial court must employ a two-part inquiry. First, the court must objectively determine whether the alleged provocation was reasonably sufficient to bring on a sudden passion or fit of rage. [Citation omitted.] If this objective standard is met, the inquiry shifts to a subjective standard, to determine whether the defendant in the particular case actually was under the influence of sudden passion or in a sudden fit of rage."
Calhoun argues that he presented evidence of sufficient provocation when he testified that his wife "started calling [his mother] every kind of bitch, whore, slut in the book."
In most situations, words alone will not constitute reasonably sufficient provocation to incite the use of deadly force. See State v.Shane, supra; State v. Dixson, supra. Following a review of the record, we hold that Calhoun did not present evidence of any serious provocation that would have aroused the passions of an ordinary person beyond his control. See State v. Mack, supra. The alleged provocation in this case was not reasonably sufficient, as a matter of law, to bring on a sudden fit of passion or rage. The assignment of error is overruled.
Calhoun has filed, pro se, a "motion to consider additional authority" in which he challenges the sentence imposed by the trial court. The arguments raised in Calhoun's "motion" are overruled on the authority ofState v. Lowery, 160 Ohio App.3d 138, 2005-Ohio-1181, 826 N.E.2d 340.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Sundermann, JJ.