OPINION *Page 2 
{¶ 1} Appellant, Barrington Horne, appeals his conviction for one count of felonious assault. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On April 4, 2006, appellant was indicted by the Licking County Grand Jury on one count of felonious assault in violation of R.C. 2903.11(A)(1), a second degree felony and one count of aggravated burglary in violation of R.C. 2911.11, a first degree felony.
 {¶ 3} On December 18, 2007, the matter proceeded to a jury trial. The evidence established that on February 26, 2006, appellant, Barrington Horne, went to his girlfriend's home and found her in bed with the victim, Benjamin Lees. Appellant's daughter was also asleep in the bed. There was testimony that appellant's girlfriend, her daughter and Benjamin Lees all had their clothes on at the time of the incident. In a fit of rage brought about by finding Lees in bed with his girlfriend, appellant attacked Lees. As result, Lees sustained various injuries to his face including bruising, lacerations and broken bones.
 {¶ 4} After the presentation of evidence, the appellant requested an instruction on the lesser included offense of aggravated assault. The trial court denied the request finding that there was no provocation occasioned by the victim which would warrant an instruction on the lesser included offense. After due deliberation, the jury acquitted appellant on the burglary charge and found appellant guilty of felonious assault. On December 19, 2007, appellant was ordered to serve a three year sentence. *Page 3 
 {¶ 5} It is from this conviction that appellant now appeals setting forth the following assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED WHEN IT FAILED TO GIVE A JURY INSTRUCTION ON AGGRAVATED ASSAULT, A LESSER INCLUDED OFFENSE OF FELONIOUS ASSAULT."
 {¶ 7} In the first assignment of error, appellant argues that the trial court erred in failing to give a requested instruction on aggravated assault as a lesser included offense of felonious assault. Appellant argues that seeing his girlfriend and daughters in bed with the victim was serious provocation, which incited appellant's fit of rage, thereby justifying an instruction on the lesser included offense of aggravated assault. We disagree.
 {¶ 8} Trial courts have broad discretion in determining whether the evidence adduced at trial was sufficient to warrant a jury instruction.State v. Morris, Guernsey App. No. 03CA29, 2004-Ohio-6988, reversed on other grounds, 109 Ohio St.3d 313, 2006-Ohio-2109; State v. Mitts
(1998), 81 Ohio St.3d 223, 228, 690 N.E.2d 522. However, the trial court does not abuse its discretion by not giving a jury instruction if the evidence is insufficient to warrant the requested instruction. State v.Lessin (l993), 67 Ohio St.3d 487, 494, 620 N.E.2d 72. An "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144, (internal citations omitted.)
 {¶ 9} R.C. 2903.12(A) defines aggravated assault as follows: *Page 4 
 {¶ 10} "No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
 {¶ 11} "(1) cause serious physical harm to another or another's unborn;
 {¶ 12} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordinance, as defined in section 2923.11 of the Revised Code."
 {¶ 13} The Supreme Court of Ohio has determined that aggravated assault is an "inferior degree" offense to felonious assault because its elements are identical to felonious assault except for the additional mitigating element of provocation. State v. Deem (1988),40 Ohio St.3d 205, 210-211, 533 N.E.2d 294; State v. Mack (1998), 82 Ohio St.3d 198,200, 694 N.E.2d 1328, 1330. Thus, "where the defendant presents sufficient evidence of serious provocation (such that a jury could both reasonably acquit defendant of felonious assault and convict defendant of aggravated assault), an instruction on aggravated assault (as a different degree of felonious assault) must be given." (emphasis (sic)).Deem at 211.
 {¶ 14} To determine whether sufficient evidence of serious provocation exists, a trial court must engage in a two-part inquiry to determine whether the evidence was sufficient to warrant a jury instruction on aggravated assault.
 {¶ 15} First, the court must objectively determine whether the alleged provocation is reasonably sufficient to bring on a sudden passion or fit of rage. Mack, 82 Ohio St.3d at 201, 694 N.E.2d 1328. "If this objective standard is met, the inquiry shifts to a subjective standard, to determine whether the defendant in the particular case `actually *Page 5 
was under the influence of sudden passion or in a sudden fit of rage.'"Id., quoting State v. Shane, 63 Ohio St.3d at 634-35, 590 N.E.2d 724.
 {¶ 16} In examining whether provocation is reasonably sufficient to bring on a sudden fit of passion or fit of rage, the Ohio Supreme Court has stated that "[f]or provocation to be reasonably sufficient, it must be sufficient to arouse the passions of an ordinary person beyond the power of his or her control." State v. Shane (1992), 63 Ohio St.3d 630,635, 590 N.E.2d 272. In determining whether the provocation was reasonably sufficient, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time. State v. Mabry (1982), 5 Ohio App.3d 13,449 N.E.2d 16, paragraph five of the syllabus, approved.
 {¶ 17} Generally, neither words alone nor fear itself will constitute evidence of serious provocation. "[W]ords alone will not constitute reasonably sufficient provocation to incite the use of deadly force in most situations" and "[f]ear alone is insufficient to demonstrate the kind of emotional state necessary to constitute sudden passion or fit of rage." Shane at 634-635; Mack at 198.
 {¶ 18} During the trial, the court heard the testimony of several witnesses to the assault. Alesha Messina testified that she and the appellant had a weird relationship. T.94 She stated that, on the night of the incident, she went to BW-3's with her friend, Nacole Brook and the victim, Benjamin Lees. She stated that around 2:30 A.M. she left BW-3s and went to Nacole's house to sleep. She stated that she, her daughters, Ananda (21 months) and Adrianna (approximately four weeks old), and Benjamin Lees all got into the same bed. She testified that they weren't covered up, weren't touching *Page 6 
and were fully clothed. T.75. She stated that, while Lees was sleeping, the appellant came into the house, into the bedroom, over to the bed and hit Lees. She stated that the appellant just kept hitting Lees over and over, she wasn't sure how many times. She stated that she asked appellant to stop but he would not stop. She stated that Nacole's boyfriend, Roy Roseberry, came into the room and stopped the appellant from hitting Lees. She stated that there was blood on the walls, the floor, the door and down the steps of the residence. She stated that to her knowledge there had never been any prior problems between the appellant and Lees. T.91.
 {¶ 19} Natoshia Green testified that on the night of the incident she saw appellant come into Nacole's home and go up the stairs to the bedroom where Lees was sleeping. She stated that she heard yelling and loud thuds and ran upstairs to see what was happening. She stated she saw the appellant over Lees "beating the crap out of him (Lees)." T.100. She stated that Roy eventually pulled the appellant off of Lees. She stated that she took Lees downstairs to the kitchen to help him clean up and that there was blood everywhere. T. 101-102. She stated that she never saw Lees attack the appellant. She stated that the appellant continued to try and attack Lees twice after appellant was asked to leave. T.107.
 {¶ 20} Benjamin Lees testified that he went to sleep with Alesha and her two children. He stated that he did not have a romantic relationship with Alesha and that they were lying on the bed fully clothed. He stated that he went to sleep and "woke up being beaten." T.137-138. He stated that he never got out of bed, never ran at the appellant and never threw a punch at the appellant. T.139. He stated that after the *Page 7 
assault he was treated at Licking Memorial Hospital for bruising, swelling, lacerations, and a broken nose. He stated that he also had a broken tooth as a result of the incident.
 {¶ 21} Ryan Ferguson and Roy Roseberry testified that when the appellant came into the house, he was in a good mood. They stated that the incident in the upstairs bedroom lasted for approximately two to five minutes. They stated that when the appellant came down after the assault he appeared to be upset.
 {¶ 22} Based upon our review of the record, we find that there was insufficient evidence to warrant a jury instruction on aggravated assault. The evidence did not establish any provocation by the victim, Benjamine Lees, which could be considered reasonably sufficient to incite the appellant into a sudden fit of passion or rage. The evidence simply established that the victim was sleeping in a bed, fully clothed, with Alesha and her two children when he was attacked by the appellant. For these reasons, we find that the trial decision to deny appellant's request for an instruction on the lesser included offense of aggravated assault was not unreasonable, arbitrary or unconscionable. *Page 8 
 {¶ 23} Accordingly, appellant's assignment of error is not well taken and is hereby denied.
 {¶ 24} The judgment of the Licking County Court of Common Pleas is hereby affirmed.
By: Edwards, J. Farmer, P.J. and Delaney, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1