[Cite as *State v. Anderson*, 2012-Ohio-4476.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 2011CA00226 |
| CURT L. ANDERSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Stark County Court of
                                 Common Pleas, Case No. 2011CR0749(C)


JUDGMENT:                        AFFIRMED


DATE OF JUDGMENT ENTRY:          September 24, 2012


APPEARANCES:

For Appellant:                           For Appellee:

GEORGE URBAN                             JOHN D. FERRERO, JR.
116 Cleveland Ave. NW, Ste. 808          STARK COUNTY PROSECUTOR
Canton, OH 44702                         KATHLEEN O. TATARSKY
                                         110 Central Plaza S., Ste. 510
                                         Canton, OH 44702-1413

*Delaney, J.*

{¶1} Appellant Curt L. Anderson appeals from the judgment entries of the Stark County Court of Common Pleas convicting him of one count of felonious assault with a repeat violent offender specification and sentencing him to an aggregate prison term of 18 years. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} This case is related to *State v. Wynn*, 5th Dist. No. 2011CA00244, 2012-Ohio-3430, and *State v. Johnson*, 5th Dist. No. 2011CA00237, 2012-Ohio-3227. Appellant, Wynn, and Johnson are co-defendants.

### The Assault at the Hall of Fame Fuel Mart

{¶3} This case arose on May 20, 2011 when Ralph Davison, a 54-year-old welder, went to the Hall of Fame Fuel Mart at 704 Sherrick Road S.E., Canton, to buy a drink.

{¶4} Already inside the store were Wynn and appellant, Wynn's cousin. Wynn and appellant had been drinking and smoking marijuana, and had just hassled another customer inside the store. They then turned their attention to Davison.

{¶5} Cameras inside the store captured images of Wynn and appellant in Davison's face, with Davison bent backward over the counter. Davison pulled a knife, and at some point appellant was stabbed. Wynn and appellant punched Davison repeatedly, eventually taking him to the floor.

{¶6} The three were struggling on the floor as David Johnson, a friend of Wynn and appellant, entered the store to see what was going on. Johnson entered the melee.

{¶7} Wynn, Johnson, and appellant hit, kicked, and stomped Davison with striking brutality even as customers and employees of the store went about their business. At one point Wynn, Johnson, and appellant left the store, only to return and continue the assault on Davison.

{¶8} A clerk inside the store called the police. Another clerk yelled at the group that the police were on their way. Wynn, appellant, and Johnson drove off before police arrived.

{¶9} Upon arrival, police found Davison unconscious on the floor in a pool of blood, with his sport coat pulled over his head. Police also discovered a knife lying on the sidewalk outside the store. They later learned this was Davison's knife, which Johnson picked up in the aftermath of the attack, wiped clean, and threw down outside the store.

*Davison's Injuries*

{¶10} Davison experienced severe head trauma and a stab wound 3 to 5 inches deep over his right hip; he was hospitalized for a month. His injuries required extensive rehabilitation, and he still walked with a cane at the time of trial. His balance and memory are still affected. Davison has no memory of the assault.

*Circumstances Surrounding Discovery of Appellant, Wynn, and Johnson*

{¶11} At approximately 11:15 p.m. on May 20, 2011, not long after the Davison assault, Ptl. Butterworth of the Canton Police Department was dispatched to 1803 Root Avenue, Canton, the home of Lamars Wynn. Police had received a report of a person with a gun in a fight outside the residence. Upon arrival, officers noticed the

front door of the residence was open and a man laying in the foyer. This individual was later identified as appellant.

{¶12} Appellant was unconscious but breathing, and had a number of apparent head injuries. Butterworth testified it appeared appellant had been struck in the head with something and was bleeding from his mouth. Appellant was later taken to the hospital and treated for head injuries and puncture wounds to his abdomen.

{¶13} Wynn was found in an upstairs bedroom, in bed, asleep or pretending to be asleep. Johnson was also found inside the residence.

*The Investigation*

{¶14} Investigators reviewed the video surveillance in the store the night of the assault. Two store clerks recognized the three assailants as regular customers in the store, although only one was identified by name: "Country." "Country" was known to Canton police as Wynn. Wynn, appellant, and Johnson were identified in photo line-ups within days of the assault.

{¶15} All three assailants were charged by indictment with felonious assault pursuant to R.C. 2903.11(A)(1) and/or (A)(2), a felony of the second degree. All three indictments included repeat violent offender (RVO) specifications pursuant to R.C. 2941.149.

{¶16} Appellant entered a plea of not guilty. Prior to trial, he moved to bifurcate the felonious assault count from the RVO specification, and objected to the RVO specification on the basis that he was not informed in the underlying conviction proceedings that he might someday face an enhanced penalty. The trial court granted the motion to bifurcate and overruled the objection to the RVO specification.

{¶17} Appellant was found guilty as charged, as were Wynn and Johnson. Following the verdict, the trial court held a hearing on the RVO specifications. The trial court found the specifications applied to all three co-defendants. Appellant was sentenced to a prison term of 8 years on the count of felonious assault, consecutive to 10 years on the RVO specification.

{¶18} Appellant now appeals from the judgment entry of conviction and sentence.

{¶19} Appellant raises three Assignments of Error:

{¶20} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT THE JURY ON AGGRAVATED ASSAULT."

{¶21} "II. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

{¶22} "III. THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT AND SECTION 16, ARTICLE I, OF THE OHIO CONSITUTION BY USING HIS PRIOR CONVICTION WHEN IT SENTENCED HIM ON THE REPEAT VIOLENT OFFENDER SPECIFICATION."

I.

{¶23} In his first assignment of error, appellant argues the trial court erred in refusing his requested jury instruction on the offense of aggravated assault. We disagree.

{¶24} Trial courts have broad discretion determining whether evidence at trial is sufficient to warrant a jury instruction. *State v. Morris*, 5th Dist. No. 03CA29, 2004-Ohio-6988, reversed on other grounds, 109 Ohio St.3d 313, 2006-Ohio-2109, 847

N.E.2d 1174; *State v. Mitts*, 81 Ohio St.3d 223, 228, 690 N.E.2d 522 (1998). A trial court does not abuse its discretion in refusing to give a requested instruction where the evidence is insufficient to warrant the instruction. *State v. Lessin*, 67 Ohio St.3d 487, 494, 620 N.E.2d 72 (1993). In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶25} Aggravated assault is a violation of R.C. 2903.12(A) and is defined as follows: "No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly: (1) cause serious physical harm to another or another's unborn; (2) cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code."

{¶26} Aggravated assault is an "inferior degree" offense to felonious assault because its elements are identical to felonious assault except for the additional mitigating element of provocation. *State v. Deem*, 40 Ohio St.3d 205, 210-211, 533 N.E.2d 294 (1988); *State v. Mack*, 82 Ohio St.3d 198, 200, 694 N.E.2d 1328 (1998). Thus, "where the defendant presents sufficient evidence of serious provocation (such that a jury could both reasonably acquit defendant of felonious assault and convict defendant of aggravated assault), an instruction on aggravated assault (as a different degree of felonious assault) must be given." *Deem*, supra, 40 Ohio St.3d at 211.

{¶27} To determine whether sufficient evidence of serious provocation exists, a trial court must engage in a two-part inquiry to determine whether the evidence was sufficient to warrant a jury instruction on aggravated assault. *State v. Horne*, 5th Dist. No. 08 CA 6, 2009-Ohio-1579, ¶ 14. First, the court must objectively determine whether the alleged provocation is reasonably sufficient to bring on a sudden passion or fit of rage. *Mack*, supra, 82 Ohio St.3d at 201. "If this objective test is met, the inquiry shifts to a subjective standard, to determine whether the defendant in a particular case 'actually was under the influence of a sudden passion or in a sudden fit of rage.'" *Id.*, citing *State v. Shane*, 63 Ohio St.3d 634-635, 590 N.E.2d 724 (1992).

{¶28} In examining whether provocation is reasonably sufficient to bring on a sudden passion or fit of rage, the Ohio Supreme Court has stated that "[f]or provocation to be reasonably sufficient, it must be sufficient to arouse the passions of an ordinary person beyond the power of his or her control." *State v. Shane*, supra, 63 Ohio St.3d at 635. The court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time. *State v. Mabry*, 5 Ohio App.3d 13, 449 N.E.2d 16 (1982), paragraph five of the syllabus.

{¶29} Generally, neither words nor fear, each taken alone, will constitute evidence of serious provocation. "[W]ords alone will not constitute reasonably sufficient provocation to incite the use of deadly force in most situations," and "[f]ear alone is insufficient to demonstrate the kind of emotional state necessary to constitute sudden passion or fit of rage." *Shane*, 63 Ohio St.3d at 634-635; *Mack*, 82 Ohio St.3d at 198.

{¶30} Appellant argues his injuries were caused by Davison stabbing him with the knife, which constitute serious provocation such that the jury should have been instructed on aggravated assault. We note, though, while appellant's stab wound was apparently inflicted by Davison, appellant's head injuries were of unknown origin. Appellee insinuates appellant was beat up by his co-defendants after the assault. The record establishes only that police were called to a fight at Wynn's house and found appellant unconscious in the foyer.

{¶31} Based upon our review of the record, including the videotape of the assault on Davison, we find the evidence did not establish provocation by Davison which could be considered reasonably sufficient to incite appellant into a sudden passion or fit of rage. Instead, the evidence demonstrated a sustained, brutal attack upon Davison which began with appellant's taunts upon Davison approaching the counter. Appellant characterizes Davison's use of the knife as provocation, but the evidence demonstrates Davison was ineffectually attempting to defend himself against appellant and his co-defendants.

{¶32} Having objectively found no sufficient provocation of sudden passion or fit of rage, we have no need to proceed to the second part of the analysis and determine whether appellant subjectively acted under such sudden passion or fit of rage.

{¶33} For the foregoing reasons, we find the trial court's decision to deny appellant's request for an instruction on aggravated assault was not unreasonable, arbitrary, or unconscionable.

{¶34} Appellant's first assignment of error is overruled.

II.

{¶1}   In his second assignment of error, appellant argues his conviction of one count of felonious assault with a repeat violent offender specification is against the manifest weight and sufficiency of the evidence.   We disagree.

{¶2}   The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.   *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus.   The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilty beyond a reasonable doubt.   The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶3}   In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, at 387, 678 N.E.2d 541.   Reversing a conviction as being against the manifest weight of

the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

### *Felonious Assault*

{¶4} Appellant was found guilty of one count of felonious assault pursuant to R.C. 2903.11(A)(1) and (A)(2), which state, "No person shall knowingly * * * [c]ause serious physical harm to another * * * [or] [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."

{¶5} First, appellant asserts the testimony of store clerk Israel Aguilera was not credible. However, Aguilera unequivocally testified the three co-defendants kicked and punched Davison as he lay on the floor. Aguilera's testimony was buttressed by the State's admission of the videotape. Appellant argues, though, that the videotape is not reliable because it was selectively edited by law enforcement and does not show the entire incident. The record reflects the video was properly authenticated and admitted into evidence. The weight to be given to the videotape is an issue for the trier of fact. The jury was able to review the surveillance video footage from several different camera angles that captured the events as they unfolded.

{¶6} Viewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant had committed the crime of felonious assault.

{¶7} Appellant also argues his conviction is against the manifest weight of the evidence because he sustained injuries himself. While the evidence does indicate appellant was injured at some point prior to his arrest, the source of the head injuries is not clear from the record. The video footage shows appellant stomping and kicking

Davison while he is on the ground.  Appellant did not appear to be hampered by any injuries he may have sustained at the store.

{¶8}  The jury was in the best position to evaluate the evidence, and we will not substitute our judgment for that of the trier of fact, which was convinced of appellant's guilt.  Based upon our review of the record, we cannot conclude the jury lost their way nor created a miscarriage of justice in convicting appellant of felonious assault.

*Repeat Violent Offender Specification*

{¶9}  The trial court found appellant to be a repeat violent offender, which is defined in R.C. 2929.01(CC) as follows:

"Repeat violent offender" means a person about whom both of the following apply:

(1) The person is being sentenced for committing or for complicity in committing any of the following:

(a) Aggravated murder, murder, any felony of the first or second degree that is an offense of violence, or an attempt to commit any of these offenses if the attempt is a felony of the first or second degree;

(b) An offense under an existing or former law of this state, another state, or the United States that is or was substantially equivalent to an offense described in division (CC)(1)(a) of this section.

(2) The person previously was convicted of or pleaded guilty to an offense described in division (CC)(1)(a) or (b) of this section.

{¶10} The trial court found appellant was previously convicted of felonious assault, a felony of the second degree and an offense of violence as described in R.C. 2929.01(CC). Appellee presented evidence of the prior conviction in the form of testimony of the arresting officer and the judgment entry of appellant's resentencing upon revocation of his judicial release. Appellant summarily asserts "the underlying felonious assault conviction was improper" without any argument in support. We have reviewed the record of the repeat violent offender hearing and find the trial court's decision was not against the manifest weight or sufficiency of the evidence.

{¶11} Appellant's second assignment of error is therefore overruled.

III.

{¶12} In his third assignment of error, appellant argues he could not be sentenced as a repeat violent offender because he was not warned of the possibility of future sentencing enhancement upon sentencing for his first felonious assault conviction in 2006. We disagree.

{¶1} Appellant is a repeat violent offender pursuant to R.C. 2929.01(CC) because he was sentenced for committing a felony of the second degree that is an offense of violence, and he was previously convicted of or pleaded guilty to such an offense. Specifically, appellant was convicted of felonious assault in this case, and has a 2006 counseled conviction for felonious assault. Appellee complied with R.C. 2941.149, which requires that the RVO specification must be contained in the indictment, and the record indicates appellee did give appellant notice of intention to use a certified copy of the judgment of conviction as proof of the prior conviction.

{¶2} Appellant did object to the RVO specification prior to trial and the trial court overruled the objection. Appellant now argues his conviction as a repeat violent offender was improper because he did not have adequate warning when he was sentenced on his 2006 offense that someday his conviction might result in an enhanced sentence by means of an RVO specification. While appellant makes no express due process argument, he essentially argues application of the RVO specification violates due process.

{¶3} Due process "expresses the requirement of 'fundamental fairness,' a requirement whose meaning can be as opaque as its importance is lofty." *Lassiter v. Dept. of Soc. Servs. Of Durham Cty., N. Carolina*, 452 U.S. 18, 24, 101 S.Ct. 2153, 68 L.Ed.2d 640, rehearing denied, 453 U.S. 927, 102 S.Ct. 889, 69 L.Ed.2d 1023 (1981). We find the requirements of due process and equal protection do not extend to requiring trial courts to warn criminal defendants of every possible eventuality of their convictions, especially those easily foreseeable. In other words, a defendant convicted of a felony offense of violence may reasonably be expected to anticipate the conviction will have consequences for future criminal behavior.

{¶4} Ohio's RVO specification has passed constitutional muster in other respects. The Ohio Supreme Court has held the RVO specification does not violate the Sixth Amendment right to trial by jury. *State v. Hunter*, 123 Ohio St.3d 164, 2009-Ohio-4147, 915 N.E.2d 292, cert.denied, 130 S.Ct. 1888, 176 L.Ed.2d 372 (2010).

{¶5} Appellant does not allege his prior conviction was obtained in violation of his Sixth Amendment right to counsel. The Ohio Supreme Court has held that an uncounseled conviction, obtained without a valid waiver of the Sixth Amendment right

to counsel, is constitutionally infirm if the result was a sentence of incarceration. *State v. Brooke*, 113 Ohio St.3d 99, 2007-Ohio-1533, 863 N.E.2d 1024, at ¶9, citing *State v. Brandon*, 45 Ohio St.3d 85, 86, 543 N.E.2d 501 (1989); *Nichols v. United States*, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). "An uncounseled conviction cannot be used to enhance the penalty for a later conviction if the earlier conviction resulted in a sentence of confinement." *Brooke*, 113 Ohio St.3d 199, at ¶ 12.

{¶6} When a defendant does question the use of a prior uncounseled conviction in an earlier case, the burden is on the defendant to make a prima-facie showing of constitutional infirmity, which the state may rebut by establishing defendant's right to counsel was validly waived. *Brooke*, supra, 113 Ohio St.3d 199, at ¶ 11.

{¶7} In the instant case, appellant asks us to extend these protections to an unwarranted degree. Appellant has not presented any authority for his underlying assertion that a prior, counseled conviction may not be used to enhance the penalty of a later criminal offense, and we find no constitutional infirmity.

{¶8} The United States Supreme Court has noted:

As a general proposition, a sentencing judge "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct.589, 30 L.Ed.2d 592 (1972). "Traditionally, sentencing judges have considered a wide variety of factors in addition to evidence bearing on guilt in determining what sentence to impose on a convicted defendant." *Wisconsin v. Mitchell*, 508 U.S. 476, 485, 113 S.Ct.

2194, 124 L.Ed.2d 436 (1993). One such important factor, as recognized by state recidivism statutes and the criminal history component of the [federal] Sentencing Guidelines, is a defendant's prior convictions. Sentencing courts have not only taken into consideration a defendant's prior convictions, but have also considered a defendant's past criminal behavior, even if no conviction resulted from that behavior. We have upheld the constitutionality of considering such previous conduct in *Williams v. New York*, 337 U.S. 241, 69 S.Ct.1079, 93 L.Ed. 1337 (1949). * * *.

*Nichols v. U.S.*, 511 U.S. 738, 747, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994).

The *Nichols* Court further declines to accept the defendant's assertion, similar to appellant's argument here, that due process requires any kind of "warning" to defendants entering a no-contest plea or upon conviction that the conviction might later be used for enhancement purposes upon commission of a future crime. *Id.*

{¶9} Our colleagues on the Fourth District Court of Appeals rejected an argument similar to appellant's most succinctly, and we adopt their rationale:

There appears to be no duty in Ohio to inform a defendant pleading guilty of the possible enhancement of sentences resulting from future crimes, nor can this court see why there should be such a duty. A trial court judge should not be required to anticipate recidivist behavior by a defendant who enters a guilty plea in that court. To be sure, a defendant is entitled to be advised of the effect of his guilty plea so that it can be shown that the plea was knowingly and voluntarily made. But it begs the question to argue that a defendant who

pleads guilty would not be aware that if he gets convicted of the same offense again it is going to go harder on him the second time around.

{¶10} We find, therefore, the RVO specification was not improperly applied to appellant and his third assignment of error is overruled.

{¶11} Having overruled appellant's three assignments of error, the judgment of the Stark County Court of Common Pleas is hereby affirmed.

By: Delaney, P.J.

Gwin, J. and

Edwards, J. concur.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JULIE A. EDWARDS


PAD:kgb

[Cite as *State v. Anderson*, 2012-Ohio-4476.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CURT L. ANDERSON | : | |
| | : | |
| | : | Case No. 2011CA00226 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the

Stark County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JULIE A. EDWARDS